THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMP DRESSER & MCKEE INC. | : | DOCKET NO. 10-cv-1353 |
| VS. | : | JUDGE MINALDI |
| HAYDEL, ET AL. | : | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

**I. Background**

On October 5, 2010, defendants filed a motion to compel based upon what they perceived as insufficient responses to interrogatories and requests for production. Docs. 23, 28. On October 7, 2010, plaintiffs also filed a motion to compel, making similar arguments. Doc. 26. On October 8, 2010, the court held a hearing whereby both defendants and plaintiffs' motions were granted. Doc. 29. The hearing resolved a number of issues between the parties. *Id.* However, as to defendants' motion, there were unresolved issues pertaining to the privileges asserted. *Id.* Thus, the court ordered as follows:

> Request for Production #25- Prepare confidentiality log and submit to the court for an in camera inspection.
> Request for Production #26- Amend to identify with particularity the documents either being produced after the protective order or already produced that are responsive to this request and to the extent there are any remaining claims of privilege they are also to be included in the privilege log and are subject to an in camera inspection.
> Request for Production #27- Prepare a privilege log, forward to the court for inspection and a determination will be made at that point. If there are any documents that aren't confidential, then produce with particularity.

On October 15, 2010, the court received from the plaintiffs a privilege log and bates-stamped copies of the email documents designated in the log as privileged. The log included a

list of 107 items.  Eleven of the items were, upon further inspection by the plaintiffs, found not to be privileged and were produced.

### II. Law and Reasons

The attorney work-product privilege "derives from the desire to facilitate effective advocacy." *In re Burlington Northern, Inc.*, 822 F.2d 518, 524 (5th Cir. 1987).  The scope of the work-product privilege is defined in Rule 26(b)(3), which provides:

> (A) Documents and Tangible Things.  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But . . . those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
> (B) Protection Against Disclosure.  If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A), (B).  The attorney work-product privilege can thus be asserted when used to allow counsel a "certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel," in the absence of which "the interests of the clients and the cause of justice would be poorly served." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).  Pursuant to the Rules, that party must "expressly make the claim" of privilege and "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  Here, this obligation is carried out by means of a privilege log.

The attorney-client privilege rests on the need to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege applies only if: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *Myers v. City of Highland Village*, 212 F.R.D. 324, 326 (E.D. Tex. 2003) (citing U.S. v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978)).

### III. Ruling on Materials Submitted for *In Camera* Inspection

Today, the court rules on the following 96 logs:

0001-0003; 0004-0005; 0006-0007; 0008-0009; 0010-0014; 0015-0025; 0026-0027; 0028-0032; 0033-0034; 0035-0046; 0047-0048; 0049-0124; 0125-0127; 0128; 0129; 0130-0134; 0135-0137; 0138-0139; 0140-0146; 0147-0150; 0151-0152; 0153-0154; 0155; 0156-0158; 0159; 0160-0161; 0162-0163; 0164-0166; 0167-0168; 0169-0170; 0171-0173; 0174-0176; 0177-0180; 0181-0182.

Plaintiffs have submitted documents for *in camera* inspection and determination of whether the attorney-client privilege and/or the work product privileges are applicable. The court has reviewed these documents in detail and has divided them into two categories: privileged documents, and documents not subject to the privileges.

(1) Privileged Documents:

0001-0003; 0004-0005; 0006-0007; 0008-0009; 0010-0014; 0026-0027; 0028-0032; 0033-0034; 0035-0046; 0047-0048; 0049-0124; 0125-0127; 0128; 0129; 0130-0134; 0135-0137; 0138-0139; 0140-0146; 0147-0150; 0151-0152; 0153-

0154; 0155; 0156-0158; 0159; 0160-0161; 0162-0163; 0164-0166; 0167-0168; 0169-0170; 0171-0173; 0174-0176; 0177-0180.

(2) Documents not subject to the privileges:

- 0015-0025.  These are letters published to an adverse third party.  There is no other "work-product" involved.  *See Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 89 (D.C.N.Y. 1981) (the work-product privilege is waived by disclosure to an adverse party).

- 0181-0182.  These are board meeting minutes, with the privileged information redacted.  *See Reist v. Source Interlink Companies, Inc.*, No. 10-269, 2010 WL 3958686, at *2 (M.D. Fla. Oct. 8, 2010) (granting a request to produce "all documents . . . which mention the Plaintiff by name, including but not limited to minutes of board meetings" ).

## IV. Conclusion

Plaintiffs are ORDERED to produce the items identified in this ruling as not subject to the privileges within thirty days of service of this order.

Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(a), a party may object to the findings of a magistrate's order on the grounds that it is clearly erroneous or contrary to law within 10 days of service.  Should either party appeal this order, the time for production will be stayed pending resolution by the district judge.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on December 6, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE